751 So.2d 1014 (2000)
Lauralee H. PEREZ and Robert L. Perez
v.
PROGRESSIVE INSURANCE COMPANY, Samuel R. Klinger, State of Louisiana State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.
No. 99-CA-956.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
Writ Denied March 31, 2000.
Wm. Ryan Acomb, J. Don Kelly, Jr., New Orleans, Louisiana, Attorneys for Defendant/Appellant State Farm Fire and Casualty Company.
Dan R. Dorsey, Cecelia U. Danahar, River Ridge, Louisiana, Attorney for Plaintiffs/Appellees.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
DALEY, Judge.
Cross motions for summary judgment were resolved in favor of plaintiffs, Lauralee and Robert Perez, and against State *1015 Farm Fire and Casualty Company, finding that an Uninsured/Underinsured (UM) rejection form signed by Mr. Perez was invalid, thus resulting in UM coverage for plaintiffs in an amount equal to their umbrella policy limit of one million dollars. State Farm appeals, arguing that their selection/rejection form complies with current legal requirements, and that the Perezes' rejection of uninsured motorist insurance is valid. We agree, and reverse the trial court's judgment.

Analysis
The selection or rejection of uninsured motorist coverage is governed by LSA-R.S. 22:1406(D), which provides that all auto policies issued in this state shall include UM coverage in amounts equal to bodily injury liability limits unless the insured rejects such coverage or selects lower limits.
A valid rejection or selection of lower limits must be in writing and must be signed by the insured. The form used by the insurer must place an insured in a meaningful position to make an informed rejection of UM coverage. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La. 1992). LSA-R.S. 22:1406(D) provides three options, and the form must give the insured the opportunity to make a meaningful selection from those options, which are: 1) UM coverage equal to the bodily injury liability limits in the policy; 2) UM coverage in limits less than the bodily injury liability policy limits; or 3) no UM coverage.
It is the rejection of UM coverage, and not the acceptance, that must be the affirmative act of the insured. Henson v. Safeco Ins. Companies, 585 So.2d 534, 539 (La.1991). The insurer bears the burden of proving any insured named in the policy rejected in writing UM coverage equal to bodily injury limits or selected lower limits. Tugwell, at 197.
Tugwell held that any UM selection/rejection form is invalid that forecloses options available to the insured by law. Following that principle, the court held in Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, that in a minimum auto liability policy with 10/20 limits, the UM selection form need only contain two options, the selection of UM limits equal to the liability coverage, or rejection of UM coverage, the rationale being that in this scenario a selection of lower UM limits is not available by law because the UM limits cannot be less than the minimum liability limits.
The selection form in the case at bar read as follows:
ACKNOWLEDGMENT OF COVERAGE SELECTION/
REJECTIONUNINSURED/ UNDERINSURED
MOTOR VEHICLE COVERAGE
In keeping with the laws of my state, I have
been offered the opportunity to purchase Uninsured/Underinsured
Motor Vehicle Coverage.
CHECK ONLY ONE:
[] I elect Uninsured/Underinsured Motor Vehicle
 Coverage with full policy limits
 [] on all vehicles. [] on automobiles only.
 [] I elect Uninsured/Underinsured Motor Vehicle
 Coverage with limits of $500,000
 [] on all vehicles. [] on automobiles only.
 I reject Uninsured/Underinsured Motor Vehicle
 Coverage
 [] on all vehicles. [] on automobiles only.
I understand that this Acknowledgment of Coverage
Selection/Rejection will be applicable to
the policy applied for, all future renewals of the
policy, and on future policies issued because of a
change of coverage or an interruption of coverage,
unless I later request in writing a change in
such coverage.
Applicant's
Signature X S/ Robert L. Perez 
Perez checked off the box "on all vehicles" under "I reject Uninsured/Underinsured Motor Vehicle Coverage." The plaintiffs do not argue that Perez did not intend to reject UM coverage. They argue that the selection form is invalid as a matter of law because the only lower limit State Farm offered was $500,000. They argue that State Farm preselected the lower limit available, violating the principles stated in Henson v. Safeco Ins. Companies, 585 So.2d 534 (La.1991). In their brief, plaintiffs argue that the State Farm *1016 form was invalid because it did not have a fill-in-the-blank space to allow the insured to select lower limits.
According to State Farm, and unchallenged by the plaintiffs, the only lower UM limit that State Farm was allowed to offer with this personal umbrella policy was $500,000. State Farm's affidavit states, in pertinent part:
5. That at the time of the UM rejection by Perez on August 29, 1995, State Farm Fire and Casualty Company was only qualified under the rating guidelines for the State of Louisiana to issue a $1,000,000 Personal Liability Umbrella Policy with UM policy limits coverage equal to the $1,000,000 liability limits, or lesser UM limits of $500,000, or no UM.
There is no assertion that Perez desired to select UM coverage in some lower limit and in a different lower limit than that offered by State Farm. State Farm argues that the form gave the insured all three of his legal options: UM limits equal to the umbrella policy limits, lower UM limits of $500,000.00, or a rejection of UM coverage. They argue that the applicable law, LSA-R.S. 22:1406 and jurisprudence interpreting it, does not require a "fill-in-the-blank" selection form, and that the form furnished Perez with the only three options available to him. State Farm contends that the state ratings guidelines in effect at the time allowed them to offer only one lower limit, $500,000.00, and that a blank form would have allowed the insured to possibly enter an invalid amount that State Farm was not authorized to offer. Further, they argue that Perez, an attorney and C.P.A., was an educated and business-savvy consumer who understood that he was rejecting UM coverage on this form.
Plaintiffs argue that the form was invalid because the State Farm itself selected the lower limit available. The case plaintiffs rely on for this concept, Henson v. Safeco Ins. Companies, 585 So.2d 534 (La. 1991), addressed a different issue. In Henson, the insurance agent filled out the UM rejection/selection form and preselected a lower UM limit from among a list of several offered lower limits, thus misleading the insured into thinking that only the lower limits selected by the agent were available, and thus possibly foreclosing the insured from exercising options available to him under law. Henson and the applicable law do not, however, preclude an insurance company from offering a limited selection of lower UM limits.
In the instant case, the only lower UM limit that State Farm was allowed to offer in the umbrella policy, under state ratings guidelines, was the $500,000 limit. Perez's agent did not preselect one lower limit to the exclusion of other lower limits available. State Farm's UM rejection/selection form gave the plaintiffs a meaningful selection of their UM options, of which there were only three under this policy, and only one lower limit available.
The Supreme Court has specifically stated that it is not the job of the courts to draft insurance forms or to dictate the exact format or wording that must be used for a valid rejection of UM coverage. Daigle v. Authement at 1215. We find that this UM selection/rejection form complies with current state law as outlined above. The form gave the insured a clear, meaningful choice between his three legal options, and no legal option was foreclosed. We find no case law or statute that says the form is required to state why the only lower limit available was $500,000.00 for the insured's rejection of it to be valid, meaningful, and informed. We agree with the Third Circuit's assessment of current UM case law trends:
We are aware of a trend in the courts of this state which would decline to hold ordinary citizens accountable for reading and understanding the forms which they sign and for the economic choices they make unless said documents are drafted in the most simplistic terms. Our respect for the citizenry of this state precludes *1017 us from following that unpleasantly paternalistic trend.
Martin v. CNA Ins. Co., 96-1342 (La.App. 3 Cir. 4/2/97), 692 So.2d 677.
The judgment of the trial court granting plaintiffs' Motion for Summary Judgment and denying State Farm's Motion for Summary Judgment is reversed, and judgment is entered granting State Farm's Motion for Summary Judgment and denying plaintiffs' Motion for Summary Judgment. The UM selection/rejection form in this policy complies with state law, and thus the insureds' rejection of UM coverage is found valid.
REVERSED.