894 So.2d 385 (2005)
Gerald Joseph GAUTREAUX
v.
Meryl DUFRENE, Allstate Insurance Company and Lincoln General Insurance Company.
No. 04-CA-970.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 2005.
*386 Brad Doyle, Ellen Doskey, Houma, LA, for Plaintiff/Appellant.
Guy D. Perrier, Richard C. Ely, Jr., Leake & Anderson, L.L.P., New Orleans, LA, for Defendant/Appellee, Lincoln General Insurance Company.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and THOMAS F. DALEY.
THOMAS F. DALEY, Judge.
In this civil appeal, the plaintiff-appellant, Gerald Joseph Gautreaux, appeals the trial court's ruling granting the defendant's Motion for Summary Judgment.

FACTS:
On April 25, 2003, the plaintiff-appellant, Gautreaux was injured in an automobile accident on U.S. Highway 90 when the eighteen wheel Mack truck he was driving was struck by Meryl Dufrene's 2003 Chevrolet Silverado as Dufrene attempted to cross Highway 90. The eighteen wheel truck driven by Dufrene was owned by his employer, Arabie Brothers Leasing (Arabie Brothers), and insured by Lincoln General Insurance Company.
On November 25, 2003, Gautreaux filed suit against Meryl Dufrene and his insurance carrier, Allstate Insurance Company, and Arabie Brothers' uninsured/underinsured motorist insurance carrier, Lincoln General Insurance Company (Lincoln), because his injuries exceeded the ten thousand dollar policy limit of Dufrene's insurance. In his petition, Gautreaux alleged that he sustained injuries to his neck and other parts of his body, causing him physical pain and mental anguish, which required medical care, treatment and related expenses that he believed would necessary in the future, as his condition continued, worsened or became permanent. In addition, to damages for the above, Gautreaux alleged that he was entitled to damages for loss of life's pleasures, enjoyment and quality; loss of wages, income, fringe and related benefits; and earning capacity as the result of any and all disabilities and residual physical impairments.
On April 2, 2004, Lincoln tendered to Gautreaux twenty thousand dollars, which it contended was the underinsured motorist policy limit, and then on April 27, 2004 filed a Motion for Partial Summary Judgment alleging that it should be dismissed with prejudice, since it owed no further obligation to Gautreaux. In its Memorandum in Support of Summary Judgment, Lincoln argued that it tendered a payment to Gautreaux to the extent of its limits under UM coverage, therefore it had no further obligation to Gautreaux, since he was not entitled to any additional relief under Louisiana law. Lincoln claimed that the twenty thousand dollar payment to Gautreaux was the lower limit of UM coverage selected by its insured, Arabie Brothers, on a valid UM selection/rejection form.
On June 7, 2004, Gautreaux filed an Opposition to Lincoln's Motion for Summary Judgment and a Cross Motion for Summary Judgment against Lincoln alleging that Lincoln's motion should be denied, because their UM selection/rejection form was invalid, did not comply with the requirements of LSA-R.S. 22:1406 or Louisiana case law, and that he was entitled to coverage equal to the liability limits of the insurance policy.
*387 At the June 17, 2004 hearing, the trial court granted Lincoln's Motion for Summary Judgment after finding that while the defendant was not entitled to a presumption, because UM form was not the one prescribed by Louisiana law, it did give Arabie Brothers, Gautreaux's employer, a meaningful selection in the amounts of coverage.

DISCUSSION:
In his sole Assignment of Error, Gautreaux argues the trial court erred in granting the defendant's Motion for Summary Judgment, because the uninsured motorist selection/rejection form used by Lincoln is not the form prescribed by the Commissioner of Insurance, and therefore does not satisfy the legal requirements of LSA-R.S. 22:680[1].
Gautreaux argues that because the UM selection/rejection form was signed by the insured on January 10, 2003, after LSA-R.S. 22:1406(D) was amended, Lincoln was required to provide Arabie Brothers with a form prescribed by the commissioner of insurance that allowed for the rejection of UM coverage, selection of lower limits, or selection of economic-only coverage. Gautreaux claims that because Lincoln did not use a form prescribed by the commissioner of insurance, the UM selection/rejection is invalid and the limits for bodily injury should apply in his case. He claims that the trial court incorrectly interpreted the statute to mean that while the prescribed form was not used creating a rebuttable presumption, the UM policy was still valid because it provided Arabie Brothers with a meaningful selection in coverage. Gautreaux argues that the correct interpretation is that the prescribed form must be used, and that only when the prescribed form is used is a rebuttable presumption created. Lincoln argues that while it did not use the form prescribed by the commissioner of insurance, it provided its insured with a form that gave meaningful selections, therefore the trial court was correct in finding that it was valid.
A Motion for Summary Judgment should be granted when there exists no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSAC.C.P. Art. 966. Costly v. Batiste, 01-496, p. 3 (La.App. 5 Cir. 11/14/01), 802 So.2d 752, 754. Appellate courts review summary judgments de novo using the same criteria applied by the district court in order to determine whether the grant of summary judgment was appropriate. Skidmore v. Initial DSI Transport, Inc., 99-1066, p. 2 (La.App. 5 Cir. 2/29/00), 757 So.2d 107, 108. Whether an insurance policy provides or precludes coverage, as a matter of law, can be resolved within the framework of a Motion for Summary Judgment. Richardson v. Lott, 03-0189 (La.App. 1 Cir. 11/7/03), 868 So.2d 64, 69, writ denied, 03-3324 (La.2/13/04), 867 So.2d 707.
Crucial to a determination of the appropriateness of the grant of summary judgment is a determination of the validity of the Uninsured Motorists Coverage, Selection/Rejection Form used by Lincoln and provided to its insured, Arabie Brothers. Lincoln correctly admits that it is not entitled to a rebuttable presumption of the validity of the form it gave its insured, because it is not the form prescribed by the commissioner of insurance. Therefore, it must be determined whether the form used by Lincoln gave Arabie Brothers the opportunity to make a selection of the options provided by the statute: UM coverage *388 equal to the bodily injury limits in the policy, UM coverage lower than bodily injury limits in the policy, and no UM coverage. LSA-R.S. 22:680. Perez v. Progressive Ins. Co., 99-956, p. 2 (La.App. 5 Cir. 1/25/00), 751 So.2d 1014, 1015, writ denied, 00-0531 (La.3/31/00), 759 So.2d 76. See also, Duong v. Salas, 38,613 (La.App. 2 Cir. 6/23/04), 877 So.2d 269, 273, writ denied, 04-1840 (La.10/29/04), 885 So.2d 590. The statute governing uninsured motorists is to be liberally construed in favor of coverage, therefore statutory exceptions to the UM coverage requirements are interpreted strictly. LSA-R.S. 22:680. Duong v. Salas, 877 So.2d at 273. The insurer bears the burden of proving the insured rejected in writing UM coverage equal to bodily injury limits or selected lower limits. Perez v. Progressive Ins. Co., 751 So.2d at 1015. "It is not the job of the courts to draft insurance forms or to dictate the exact format or wording that must be used for a valid rejection of UM coverage."[2] However, as the court found in Daigle v. Authement, the uninsured motorist coverage selection form must satisfy the insurer's responsibility to inform the applicant of available options and allow a choice between them. See also, Richardson v. Lott, 868 So.2d at 72.
LSA-R.S. 22:680 gives the requirements for a valid UM selection/rejection form. It states in pertinent part:
(1)(a)(i) No automobile liability insurance . . . shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance . . . the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage. . . .
The form used by Lincoln offered several selections for UM coverage. The insured could select a request by which he:
________ agrees to reject Uninsured Motorists Coverage.
________ agrees to purchase Uninsured Motorists Coverage at the limits of $20,000/$20,000. (minimum limits)
________ agrees to reject Uninsured Motorists Property Damage coverage only.
________ agrees that Uninsured Motorists Coverage provides property damage coverage to motor vehicle(s) without Collision Coverage.
Optional Uninsured Motorists Bodily Injury Coverage
* * *
________ I do not desire optional Uninsured Motorists Bodily Injury Coverage.
________ Uninsured Motorists Coverage of ________ per person and ________ per accident for bodily injury. (Not to exceed the bodily injury liability limits of the policy.)
However, Lincoln did not provide Arabie Brothers with a selection of UM coverage that met the statutory requirements, because the form did not allow Arabie Brothers to choose an economic-only option. The UM selection/rejection form signed on January 10, 2003, on behalf of Arabie Brothers, was not in the form prescribed by the Commissioner of Insurance, creating a presumption of validity, nor did it include an economic-only option mandated by the statute, therefore the form is invalid. The issue of whether or not the form for UM selection/rejection prescribed by the Commissioner of Insurance must be used to perfect a valid UM selection/rejection *389 was addressed by the First Circuit in Richardson v. Lott, 03-0189 (La.App. 1 Cir. 11/7/03), 868 So.2d 64. The case makes clear that the provisions of LSA-R.S. 22:1406(D) were substantially amended by the 1997 Louisiana Act No. 1476, § 3 (Act 1476) effective September 6, 1998.[3] Before the 1997 amendment, the selection/rejection choices were to be made "only on a form designed by each insured"; after the effective date of Act. 1476, those choices were to be made "only on a form prescribed by the commissioner of insurance."[4]
The law now makes clear that selection/rejections shall "be on a form prescribed by the commissioner." As in Richardson, the UM selection/rejection form used in this case was not in the approved form and did not inform the insurer of the economic/only options. We agree with the First Circuit that the language of the statute we are reviewing could not be clearer. A UM selection/rejection made after September 6, 1998 shall be in a form prescribed by the Commissioner of Insurance. The UM selection/rejection form executed by Arabie Brothers in this case was not in the form prescribed by the Commissioner of Insurance. We hold, therefore, that that UM selection/rejection was not valid.
The trial court erred in finding that the requirements of LSA-R.S.22:680 were overcome by Lincoln's selection form, therefore, we reverse the trial court's granting Lincoln's Motion for Summary Judgment and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The historical and statutory notes for LSA-R.S. 22:680, 2004 Main Volume, states that subsection D of LSA-R.S. 22:1406 was amended by Acts 2003, No. 456, §§ 1 and 2, and redesignated as LSA-R.S. 22:680 by § 3 of Acts 2003, No. 456.
[2] Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, 1216.
[3] LSA-R.S. 22:1406(D) has been redesignated as R.S. 22:680 by Act 203, No. 456 § 3.
[4] Richardson, supra at 71.