976 So.2d 856 (2008)
Cheryl Lynn Charrier STEWART and Burl Travis Stewart, Plaintiffs-Appellees
v.
Gregory HARE, et al., and Louisiana Farm Bureau Casualty Insurance Company, Defendant-Appellant.
No. 42,972-CA.
Court of Appeal of Louisiana, Second Circuit.
February 20, 2008.
Cotton, Bolton, Hoychick, & Doughty, L.L.P., by David Paul Doughty, Rayville, for Appellant, Louisiana Farm Bureau Casualty Insurance Co.
*857 Hennen Heck, LLP, by Dennis W. Hennen, Monroe, for Appellees.
Before BROWN, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
Defendant, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), appeals the judgment of the trial court finding that Plaintiff, Cheryl Lynn Charrier Stewart, was covered on December 16, 2003, by uninsured motorist insurance in a policy issued by Farm Bureau. The sole issue before the court is whether the rejection of uninsured motorist coverage by Mrs. Stewart's husband, Burl Stewart, also a Plaintiff, was valid under La. R.S. 22:1406(D)(1)(a)(ii)[1] as it was amended by Act 1476 of 1997 and Act 732 of 1999. The trial court held that the rejection was not valid and, therefore, that there was UM coverage under the Farm Bureau policy. Farm Bureau appeals. For the reasons stated herein, we affirm.

FACTS
On December 16, 2003, Mrs. Stewart was a passenger in a motor vehicle that was involved in an accident. By stipulation, the parties agreed that she was not at fault in causing the accident and that her injuries exceeded the limits of the liability policies involved. Plaintiffs have settled with all other parties.
Farm Bureau had issued a policy to Plaintiffs covering a vehicle that was not involved in the accident. On November 18, 1998, Mr. Stewart executed a UM waiver form for this policy. The waiver was on a "Commissioner-prescribed" form, meaning a form assigned by the Office of the Louisiana Commissioner of Insurance. Mr. Stewart admitted that he intended to reject UM coverage and that he never paid for UM coverage. This policy was then renewed on September 29, 1999, but no new rejection form was executed.
The case sub judice turns on the application of La. R.S. 22:1406(D)(1)(a)(ii) as it was amended by Act 1476 of 1997 and Act 732 of 1999. When Mr. Stewart executed the UM rejection form in September 1998, the revised statute in effect was as amended by Act 1476 of 1997. Thus, the statute included the provision as added by Act 1476, as follows:
Any form executed prior to the effective date of this Act shall be valid only until the policy renewal date; thereafter, the rejection, selection of lower limits, or selection of economic-only coverage shall be on a form prescribed by the commissioner as provided in this Subsection. (Emphasis added.)
The effective date of Act 1476 was September 6, 1998. Plaintiffs executed their UM waiver after that date (September 6, 1998) and on a "Commissioner-prescribed" form as required by the statute. The parties do not dispute that this was an effective waiver at the time it was executed.
La. R.S. 22:1406(D)(1)(a)(ii) was again amended by Act 732 of 1999. Act 732 added language to the effect that a UM rejection form was valid for the life of the policy and did not have to be executed at each policy renewal. Act 732 also repeated the exact language quoted above, although not new to the statute. It included the phrase "prior to the effective date of this Act." The effective date of Act 732 was August 15, 1999. In preparing the printer's copy of the act, the Louisiana Law Institute substituted the phrase "prior to the effective date of this Act" *858 with the date September 6, 1998, the effective date of Act 1476 of 1997.
The trial court reasoned that Act 732 of 1999 was the law that must be applied in this matter. It further rejected the argument of Farm Bureau that, "the effective date of the act" was intended to be September 6, 1998, as substituted by the Louisiana Law Institute. It reasoned that to use September 6, 1998, as the effective date would be to give Act 732 retroactive effect which was not the intent of the Act. Instead, the trial court ruled that the effective date of Act 732 was August 15, 1999, and, as such, the law required Farm Bureau to obtain another UM rejection form from Plaintiff at the first renewal of their policy after August 15, 1999. The completion of a UM rejection form by Mr. Stewart in November 1998 was not, therefore, effective in waiving UM coverage beyond the first renewal after the effective date of Act 732 in September 1999. The trial court ruled that UM coverage was, therefore, in effect on the date of the accident and Farm Bureau was liable for the face amount of the liability policy, which was $25,000. This appeal ensued.

DISCUSSION
The starting point for the interpretation of any statute is the language of the statute itself. When the statute is clear and unambiguous and its application does not lead to absurd consequences, the statute must be applied as written, and no further interpretation may be made in search of legislative intent. La. C.C. art. 9; Richard v. Hall, 03-1488 (La.4/23/04), 874 So.2d 131. In addition, when a statute is clear and unambiguous, and its application does not lead to absurd consequences, it is to be applied as written, and there is no justification for considering comments to its enactment as persuasive sources or interpretive aids. See Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991).
In the case sub judice, as set out above, Act 732 contained the language "after the effective date of this act" as the date after which a new waiver must be signed at the first policy renewal. (Emphasis added.) The effective date of Act 732 was August 15, 1999. We find that the trial court, therefore, correctly concluded that the statute clearly and unambiguously provides that new rejection forms must be executed after its effective date of August 15, 1999. We agree with Plaintiffs that Act 732 specifically provided that all otherwise valid UM rejection forms would be valid only until the first policy renewal following the effective date of Act 732, and then new UM rejection forms were required to be executed. Since Farm Bureau did not have Plaintiffs execute a new rejection form, they have not validly waived UM coverage and UM coverage was in effect at the time of the accident. The clear and express language of the Act controls.
Farm Bureau cites several cases in support of its argument that September 6, 1998, is the correct date to be followed in the statute. A close reading of those cases, however, reveals that the courts have not addressed the narrow issue before us today, i.e., the correct effective date to be employed in application of 22:1406 as amended by Act 732. For example, in Richardson v. Lott, 03-0189 (La.App. 1st Cir.11/7/03), 868 So.2d 64, writ denied, 03-3324 (La.2/13/04), 867 So.2d 707, and appeal after remand, 04-2770 (La.App. 1st Cir.2/10/06), 928 So.2d 567, writ denied, 06-0596 (La.5/5/06), 927 So.2d 327, two rejection forms were examined by the court, one of which was executed on October 20, 1998, and another executed on April 10, 1997. The former was held invalid for failure to meet the requirements of Act 1476. In the second appeal, the April rejection form was found to be valid because *859 the first policy renewal date (January 2000) fell after the effective dates of either Act 1476 or 732 and had not been reached as of the date of the accident, November 24, 1998. The applicable effective date was not at issue. An accident date of November 24, 1998, predates Act 732; as such, the applicable statute in Richardson was La. R.S. 22:1406, as amended by Act 1476. Act 732 was not at issue in Richardson. Likewise, this specific issue of statutory construction of Act 732 was not at issue in Gautreaux v. Dufrene, 04-970 (La.App. 5th Cir.1/11/05), 894 So.2d 385 or Esteve v. U.S. Agencies Cas. Ins. Co., Inc., 01-1009 (La.App. 1st Cir.5/10/02), 818 So.2d 998, which are both cited by Farm Bureau.
Significantly, however, in Richardson, supra, the court expressly noted the principles of the statutory construction at work in the case sub judice, stating that the meaning of a law must "first be sought in the language employed in the statute." The Richardson court further explained that, when the wording of any of Louisiana's revised statutes is clear and unambiguous, "the letter of it shall not be disregarded under the pretext of pursuing its spirit." Richardson, supra, citing La. R.S. 1:4. As previously stated, while we understand the position of Farm Bureau, we are constrained to follow the clear wording of the act as enacted, and we affirm the judgment of the trial court.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Defendant, Louisiana Farm Bureau Casualty Insurance Company.
AFFIRMED.
NOTES
[1] La. R.S. 22:1406 was subsequently repealed by Acts 2007, No. 459, § 3, eff. Jan. 1, 2008; prior to repeal, subsection D was redesignated as R.S. 22:680 by Acts 2003, No. 456, § 3.