# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-225


TALITHA R. MES

VERSUS

QUI VAN NGO, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20180321
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, D. Kent Savoie, and J. Larry Vidrine\*, Judges.


**AFFIRMED.**

_____

\*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**James Richard Leonard, Jr.**
**Attorney at Law**
**P. O. Box 82367**
**Lafayette, LA 70598-2367**
**(337) 232-0823**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Talitha R. Mes**

**Kay Karre Gautreaux**
**405 West Convent St.**
**Lafayette, LA 70501**
**(337) 232-7747**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Talitha R. Mes**

**Van C. Seneca**
**Plauche, Smith & Nieset, LLC**
**1123 Pithon St.**
**Lake Charles, LA 70605**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**21st Century Centennial Ins. Co.**

**Lauryn Sudduth**
**La. Dept. of Justice**
**P. O. Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Attorney General for the State ofLouisiana**

**Christopher J. Rinn**
**Plauche, Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**21st Century Centennial Ins. Co.**

**SAVOIE, Judge.**

Plaintiff, Talitha Mes, appeals the summary judgment dismissal of her underinsured/uninsured motorist (UM) claim for "non-economic damages" asserted against 21st Century Centennial Insurance Company. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2017, Talitha Mes was involved in a car accident with Qui Van Ngo. On January 18, 2018, Mrs. Mes filed suit against Mr. Ngo, Mr. Ngo's insurer, State Farm Insurance Company, and Mrs. Mes' UM insurer, 21st Century Centennial Insurance Company, seeking damages for alleged injuries she sustained in the accident.

At issue herein is Mrs. Mes' entitlement to UM coverage for non-economic damages under the 21st Century policy. Mrs. Mes' husband, Louis Mes, completed and signed an Automobile Insurance Application for a policy of insurance with 21st Century. The application states that Mr. and Mrs. Mes are both named insureds under the policy. In addition, Mr. Mes signed and dated an Uninsured/Underinsured Motorist Bodily Injury ("UMBI") Coverage Form. The form explains that UMBI coverage under the 21st Century policy pays insureds who are injured in an accident caused by an owner or operator of an uninsured or underinsured vehicle. It further states that, by law, the policy will include UMBI coverage at the same limits as coverage for bodily injury liability coverage otherwise provided in the policy, *unless* the insured requests otherwise. The form then provides several options for an insured to either limit or reject UMBI coverage.

Mr. Mes initialed on the form next to the UMBI coverage option stating "I select Economic-Only UMBI Coverage, which provides compensation for economic losses with the same limits as the Bodily Injury Liability Coverage indicated on the policy;" thereby, waiving UMBI coverage that would have otherwise been provided for "non-economic losses."

The UMBI coverage form defines "economic losses" as "those that can be measured in specific monetary terms including but not limited to medical costs, funeral expenses, lost wages, and out of pocket expenses." It also defines "Non-Economic losses" as "losses other than economic losses and include but are not limited to pain, suffering, inconvenience, mental anguish and other non-economic damages otherwise recoverable under the laws of this state."

On February 18, 2019, Mrs. Mes filed a Motion for Declaratory Judgment alleging that, as a named insured, she is entitled UMBI coverage under the 21st Century policy at issue, including coverage for non-economic damages. She asserted that she is not bound by her husband's waiver of coverage for non-economic damages because he did not have authority to waive that coverage on her behalf. She further argued that any such waiver is contrary to the law and unconstitutional, and/or that the applicable statute, La.R.S. 22:1295, is ambiguous and should be read in favor of coverage. Accordingly, she sought a ruling "that the waiver be declared against public policy and/or unconstitutional and declare[s] that [she] is entitled to underinsurance to the limits of her liability coverage, i.e. one million dollars ($1,000,000.00)."

On May 13, 2019, 21st Century filed a Partial Motion for Summary Judgment and Opposition to Plaintiff's Motion for Declaratory Judgment. Therein, it sought "a partial summary judgment in its favor determining that the

Uninsured/Underinsured Motorist Bodily Injury Coverage Form signed by Louis Mes was proper and provided only Economic UMBI Coverage[.]" The motion further prayed for a judgment "that all non-economic damage claims against [21st Century] be dismissed. In support of its motion, 21st Century stated that Mr. Mes purchased the policy and properly waived UMBI coverage for non-economic damages by completing the requisite form in accordance with La.R.S. 22:1295.

On November 12, 2019, the trial court heard both parties' motions. During argument, the trial court stated that Mr. Mes' waiver of UM coverage for non-economic losses was appropriate and binding on Mrs. Mes. Thereafter, the trial court issued a judgment on January 27, 2020, which stated:

> IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Motion for Summary Judgment filed by Defendant, 21st Century Centennial Insurance Co[.] is GRANTED.

> IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Declaratory Judgment filed by Plaintiff is DENIED.

On February 26, 2020, Mrs. Mes, through counsel, filed a Motion and Order for Devolutive Appeal seeking to appeal the summary judgment rendered on January 27, 2020. The trial court signed an order granting the motion on March 2, 2020.

On September 14, 2020, while the appeal was pending, the trial court signed an Order of Partial Dismissal on joint motion of Mrs. Mes, Mr. Ngo, and State Farm, that dismissed Mrs. Mes' claims against them with prejudice as the claims had been settled.

On April 6, 2021, this court issued a Rule to Show Cause noting insufficient decretal language contained in the January 27, 2020 judgment. On April 28, 2021, this court received a copy of an Amended Judgment that had been signed by the

3

trial court on April 20, 2021. This court then issued an order to supplement the record with the Amended Judgment and further recalled its initial rule to show cause order. Counsel's request for oral argument was then reinstated.

The Amended Judgment states:

All of the claims of plaintiff [Mrs. Mes] . . . against defendants [Ngo and State Farm] have been settled and DISMISSED with prejudice by an Order of Partial Dismissal entered on September 14, 2020, reserving plaintiff's remaining claims against [21st Century] . . . for non-economic damages.

The remaining claims for plaintiff . . . against [21st Century] for non-economic damages came before this court on November 12, 2019 . . . .

. . . .

IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by [21st Century] is GRANTED dismissing the claims of TALITHA R. MES for non-economic damages against 21ST CENTURY[.]

IT IS FURTHER ORDERED that the Declaratory Judgment action filed by TALITHA R. MES against [21st Century] is DENIED, dismissing all remaining claims of [Mrs. Mes] for non-economic damages against [21st Century].

THUS DONE AND SIGNED this 20th Day of April, 2021, nunc pro tunc on the 27th day of January, 2020.

Mrs. Mes confirms in her appellant brief to this court that the only remaining claim involved in this litigation is her claim for non-economic damages against 21st Century. Therefore, this is the only claim at issue on appeal. She asserts the following as assignments of error:

1) The district court erred by failing to recognize the separateness of Talitha Mes' personal injury claims under Louisiana Civil Code Article 2344, i.e. that claims for general damages/pain, suffering, and disability are not community property, that one spouse in community can manage for the other, but instead are the separate property rights of a wife, separate from her spouse.

4

2) The [d]istrict [c]ourt erred in failing to declare that 21st Century cannot permit one spouse in managing the community to waive the separate property rights of the other spouse, by failing to require Talitha Mes to make her own election.

3) Any contractual provision of the 21st Century policy that provides that one named insured can waive the rights of another named insured is in direct violation [of] Louisiana Civil Code Article 2341 and 2344, and is unconstitutional in that it allows a spouse to manage/alienate the separate property of the other spouse and/or to take away a property right of the other spouse without her consent.

## STANDARD OF REVIEW

As recognized in *Samaha v. Rau,* 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted),

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co*., 2006-363 p. 3 (La. 11/29/06), 950 So.2d 544, 546, see La. C.C.P. art. 966. A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181 p. 17 (La. 3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337 p. 7 (La. 10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424 p. 5 (La. 4/14/04), 870 So.2d 1002, 1006.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to

establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

## ANALYSIS

Louisiana Revised Statutes 22:1295 states as follows with respect to UM coverage in Louisiana:

(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy . . . for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury . . . resulting therefrom; **however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage**, in the manner provided in Item (1)(a)(ii) of this Section. . . . Insurers may also make available, at a reduced premium, the coverage provided under this Section with an exclusion for all noneconomic loss. This coverage shall be known as "economic-only" uninsured motorist coverage. Noneconomic loss means any loss other than economic loss and includes but is not limited to pain, suffering, inconvenience, mental anguish, and other noneconomic damages otherwise recoverable under the laws of this state.

(ii) Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy . . . .

(emphasis added).

In the instant case, there is no dispute that the form on which Mr. Mes executed the waiver of UMBI coverage for non-economic damages was valid in form. Rather, the only issue presented is whether Mr. Mes' waiver was binding on Mrs. Mes, who was also listed as a named insured in the policy.

"[C]ourts across the state have held that a spouse can validly reject UM coverage." *LeBlanc v. Lavergne*, 11-1112, p. 3 (La.App. 3 Cir. 3/14/12), 86 So.3d 823, 825, *writ denied,* 12-846 (La. 6/1/2012), 90 So.3d 441, *citing, Tucker v. Valentin,* 01-755 (La.App. 5 Cir. 12/26/01), 807 So.2d 292, and *Bel v. State Farm Mutual Automobile Ins. Co.*, 02-360 (La.App. 1 Cir. 2/14/03), 845 So.2d 459, *writ denied*, 03-734 (La. 5/30/03), 845 So.2d 1058.

The First Circuit, in *Bel, Id.,* addressed whether the husband's rejection of UM coverage available under a personal liability umbrella policy (PLUP) was valid as to his wife, who was also a named insured under the policy. In concluding that the husband's waiver was valid as to his wife, the court rejected the wife's arguments that La.R.S. 22:1406(D)(1)(a)(i) and (ii) were inconsistent and/or ambiguous with respect to who is required to sign a UM rejection form, and that each insured named in the policy must sign a rejection form for it to be valid as to that insured. The court reasoned as follows:

> When interpreting a statute, we first examine the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature. The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence, or word becomes superfluous or meaningless.
>
> In the instant case, any insured named in the policy may reject UM coverage if it is "in writing, as provided herein." La. R.S. 22:1406(D)(1)(a)(i). This language thereby refers the reader to look to other sections of the statute for requirements of the writing. In the

7

following subsection, (D)(1)(a)(ii), a description of those requirements is found. Among those requirements are that the rejection be on a form designed and provided by the insurer and signed by the named insured or his legal representative. La. R.S. 22:1406(D)(1)(a)(ii). In reading these two sections together, it is clear that "the named insured or his legal representative" merely refers to the person who is "any insured named in the policy" who elects to reject UM coverage in accordance with La. R.S. 22:1406(D)(1)(a)(i).

In the instant appeal, Mrs. Mes, like the appellant in *Bel,* also asserts that La.R.S. 22:1406(D)(1)(a)(i) and (ii) are inconsistent and/or ambiguous as to who may validly sign a form waiving or limiting UM coverage, and that Mr. Mes' waiver of UM coverage for non-economic damages coverage is not binding on her. We reject those arguments for the reasons expressed by the *Bel* court.

Mrs. Mes also argues on appeal that the UM benefits she is entitled to under the 21st Century policy, which was obtained by her husband, are her separate property, and that her husband therefore had no authority to waive those benefits on her behalf. In support thereof, she cites La.Civ. Code art. 2344, entitled "Offenses and quasi-offenses; damages as community or separate property," and which states: "Damages due to personal injuries sustained during the existence of the community by a spouse are separate property."

We reject Mrs. Mes' argument that any UM benefits she is entitled to under the UM policy constitute her separate property. Rather, she is claiming a contractual interest in her own insurance policy, which was purchased by her husband with community funds. Therefore, La.Civ.Code art. 2344, which addresses delictual obligations of a tortfeasor, is not applicable to the classification of the UM benefits available under Mr. and Mrs. Mes' own policy. As noted by the *Bel* court in connection with a similar argument made by the appellant:

> to the extent that community funds were used to purchase the policy/coverage, the policy/coverage is community property. *See* La.

8

C.C. art. 2328.[1] As such, any interest or right based on ownership that [the wife] asserts derives from, and is therefore governed by, the community property laws of this state.

Louisiana Civil Code article 2346 states that "[e]ach spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law." As there are no applicable exceptions in law to this codal provision, the community property laws clearly provide, independently of the statute at issue, that either spouse can take action to dispose of or manage community property. To the extent the PLUP, and [UM] coverage contained therein, is community property, [the husband] had the authority to reject/dispose of UM coverage in accordance with La. C.C. art. 2346.6

*Bel*, 845 So.2d at 463.

Because we conclude that any UM benefits Mrs. Mes would have been entitled to under the 21st Century Policy, and Mr. Mes' ability to reject those benefits on behalf of his wife, are governed by Louisiana's community property laws, we do not reach the constitutionality argument Mrs. Mes asserts in her third assignment of error, wherein she argues she has been improperly denied rights to her separate property. *See Bel, Id.*

## DECREE

For the reasons set forth herein, the trial court's summary judgment dismissal of Mrs. Mes' claims against 21st Century is hereby affirmed. Costs of this appeal are assessed to appellant, Mrs. Mes.

**AFFIRMED**

---

[1] Louisiana Civil Code Article 2328 states:

The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.