YOUNG, Judge ad hoc.
Commerce Loan Company, Inc., brought this suit in the First City Court of New Orleans on a promissory note for $247.68, dated Nov. 13, 1953, executed by Henry Howard and Mary Howard, his wife; plaintiff alleges that the first installment on the note which was due on Dec. 15, 1953, has not been paid and, that by virtue of the acceleration clause, the note in its entirety is now due and payable, together with 8% interest per annum from maturity until paid, plus attorney’s fees at the rate of 20% of the amount sued for. Plaintiff prays for judgment against the makers of the said note in solido.
The note bears the printed signature of Henry Howard and below it appears the written signature of Mary Howard. Also attached to the petition is a copy of a chattel mortgage bearing upon a gas range securing the payment of said note, upon which appears the same two signatures of the defendants.
The defendants interposed a plea labelled “call in warranty, exception and answer.” Mary Howard averred that her signature to both the note and chattel mortgage was secured through fraud. Henry Howard denied that he signed “the purported chattel mortgage or the note filed in evidence herein.” Defendants averred they purchased a gas stove from the Fix-it-Shop which was to be delivered to them when gas service to their home became available; that they deposited with the representative of the Fix-it-Shop $5 for the gas service *488 charge required by the Public Service Company. Defendants alsq alleged that they .paid certain carrying charges to the Fix-It-Shop and they prayed for .a judgment against the plaintiff for $5 plus the finance charges.
After á trial of the case on its merits, there was -judgment below' in favor of plaintiff as prayed for. Defendants have taken a suspensive appeal.
There is no dispute that the defendants purchased a stove from Fix-it-Shop. This concern negotiated the note sued upon to the plaintiff.
Mary Howard admits that her signatures appear on the note and the chattel mortgage, but she claims- that when she signed the documents she believed she was signing only a receipt for the delivery of the stove. She denies that she printed her husband’s name on the note or that he ever directed her to do so. Henry Howard denies any knowledge whatever of the note. He admits he was at home with his wife when the stove arrived and offered to help Samuel Foster, the driver of the truck, to unload the stove from the truck but he claims he left his home immediately after the driver refused his offer of help. He also, maintains that he does not know how to print his name but has learned only to scratch his signature mechanically.
The only .witnesses to the transaction are Foster, the driver of the truck, and the two defendants. Foster is the employee of the Fix-it-Shop and his signature appears on the chattel mortgage as a witness, and his testimony is that the note and the chattel ■mortgage were signed by botli Henry and Mary Howard at the time he delivered the stove to their home and at the same • time they signed a delivery receipt.
We have carefully examined both the note arid the'chattel mortgage and observe that the ink used for the signatures of Henry Howard and Mary Howard is the same and we believe Foster’s testimony that Henry Howard, with his own hand, printed his name on the note and chattel mortgage, and that Mary Howard affixed her signature to the said documents with full knowledge of the import thereof. There was no fraud perpetrated on either defendant.
There is no question that,-by printing his name to the note Henry Howard, in effect, was signing the note.
“In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed * * 80 C.J.S., Signatures, § 7, p. 1292.
Art. 325 of the Code of Practice reads, in part, as follows:
“If the defendant deny his signature in his answer, of contend that the same has been counterfeited, the plaintiff must prove the genuineness of such signature, either by witnesses who have seen the defendant sign the act, or who declare that, they know it to be his signature, because they have frequently seen him write and sign his. name. ,|s * * »
See, also, Hemenway, Inc., v. Guillory, La.App., 155 So. 57; Fadaol v. Rideau, 13 La.App. 551, 128 So. 193; Watts v. Collier, 140 La. 99, 72 So. 822; Succession of Randazzo v. Ferrantelli, 130 La. 552, 58 So. 335.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.