867 So.2d 751 (2003)
Clint RENO and Donna Reno
v.
The TRAVELERS HOME AND MARINE INSURANCE COMPANY.
No. 2002 CA 2637.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
*752 Andrew A. Lemmon, Hahnville, for Plaintiffs-Appellants, Clint and Donna Reno.
Thomas J. Eppling, Brian J. Engeron, Metairie, for Defendant-Appellee, The Travelers Home & Marine Ins. Co.
*753 Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
CARTER, C.J.
This is an appeal from a summary judgment granted in favor of defendant, The Travelers Home and Marine Insurance Company (Travelers), dismissing plaintiffs' case after finding a valid waiver of uninsured/underinsured motorist (UM) coverage. We affirm.

FACTS
Mr. and Mrs. Clint Reno (the Renos) brought an action for personal injuries arising out of an automobile accident. The Renos alleged that the available insurance was inadequate to cover their damages, thus triggering the UM provision in their insurance policy issued by Travelers. It is undisputed that Mrs. Reno, with Mr. Reno's authority, placed her husband's initials on the one-page waiver/rejection of UM coverage form (the Form) attached to the Travelers' policy. It is also undisputed that Mrs. Reno, in her own handwriting, printed her husband's name and her own name in the signature section of the Form.
Travelers filed a motion for summary judgment on the grounds that the Renos had validly rejected UM coverage. In support of its motion, Travelers attached a copy of the Form, along with a copy of plaintiffs' responses to requests for admission. The Renos admitted in their responses that Mr. Reno had authorized his wife to reject UM coverage and that Mrs. Reno had, in fact, handwritten their individual names on the Form. The Renos opposed Travelers' motion for summary judgment, arguing that the rejection of UM coverage was invalid because Mrs. Reno had "printed" both her and her husband's names on the Form when a "signature" was required. The trial court rejected this argument, granted Travelers' motion for summary judgment, and dismissed the Renos' case with prejudice. This appeal followed.

LAW AND ANALYSIS
The legal principles regarding summary judgment are well settled. Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can properly be resolved within the framework of a motion for summary judgment. Lafitte v. Compton, 29,296 (La. App. 2 Cir. 2/26/97), 690 So.2d 872, 874, writ denied, 97-1138 (La.6/20/97), 695 So.2d 1355. Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of the appropriateness of summary judgment. Simmons v. Berry, 98-0660 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, 913-914. The applicable substantive law determines whether a particular fact is material in a summary judgment setting. Id. at 915. When interpreting an insurance contract, the court must attempt to discern the common intent of the insured and insurer. Analysis should begin with a review of the words in the insurance contract, and the contract must be enforced as written when the words are clear and explicit and lead to no absurd consequences. Clements v. Folse ex rel. Succession of Clements, 01-1970 (La.App. 1 Cir. 8/14/02), 830 So.2d 307, 312, writ denied, 02-2328 (La.11/15/02), 829 So.2d 437.
The validity of a waiver/rejection of UM coverage form is determined by the law in effect at the time the waiver is executed. See Roger v. Estate of Moulton, 513 So.2d 1126, 1131-1132 (La.1987). On March 30, 1999, Mrs. Reno printed by hand her husband's initials, his name, and her name on the Form, indicating their desire to reject UM coverage. At that time, the UM statute, LSA-R.S. 22:1406(D)(1)(a)(ii), required that any rejection *754 or selection of lower limits be signed by the named insured or his legal representative. The Louisiana Supreme Court has held that a valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative, and that the insurer must place the insured in a position to make an informed rejection of UM coverage. See Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). Neither the UM statute nor the supreme court has defined "signed" or "signature" in connection with a valid rejection of UM coverage. Furthermore, the Form does not define signature, but does provide that "[t]he choice I made by my initials on this form will apply to all persons insured under my policy."
The weight of authority is that where a statute requires an instrument to be signed by a person, a printed or typed "signature" is sufficient, provided that the signature was authorized and intended to constitute the signature. See Commerce Loan Company v. Howard, 82 So.2d 487, 488 (La.App.Orl.1955). Generally, in the absence of a statute prescribing the method of affixing a signature, it may be written by hand, printed, stamped, typewritten, engraved, or by various other means. See 80 C.J.S. Signatures § 14, p. 906 (2000).
The Renos do not allege fraud or that the Form was signed in error, nor do they disavow the authenticity of their names as they appear on the Form. The Renos merely contend that their printed names are inadequate to bind them on the Form.[1] We find no merit to the Renos' position. The Renos clearly and positively admitted their intention to waive UM coverage in order to save money, and they acknowledged that Mrs. Reno handwrote the printed names on the Form. A signature consists of both the act of writing one's name and of the intention of authenticating the instrument. Action Finance Corp. v. Nichols, 180 So.2d 81, 83 (La.App. 2 Cir.1965). The fact that a signature is printed by hand rather than written in cursive does not indicate a lack of genuineness. Boykin v. DeSoto Parish Police Jury, 359 So.2d 239, 241 (La.App. 2 Cir.), writ denied, 360 So.2d 199 (La.1978). It makes no difference whether a signature is printed by hand or handwritten in script or cursive. It is merely a question of identity and a representation of a person's willingness to be bound. See Williamson v. Guice, 613 So.2d 797, 799 (La.App. 4 Cir.), writ denied, 617 So.2d 937 (La.1993). See also Smith v. Travelers Ins. Co., 560 So.2d 472, 474 (La.App. 1 Cir.), writ denied, 564 So.2d 325 (La.1990).
In the case sub judice, we find there is no question that by printing her name and her husband's name on the Form after placing her husband's initials next to the UM rejection choice, Mrs. Reno effectively signed the Form with the intention of waiving UM coverage. Mrs. Reno's authority to write her husband's name and her intention to reject UM coverage are not at issue. Accordingly, there are no genuine issues of material fact and the trial court was correct as a matter of law *755 in granting summary judgment in favor of Travelers. We affirm the trial court's judgment at the Renos' cost.
AFFIRMED.
NOTES
[1] At oral argument, the Renos attempted to raise an alleged ambiguity in the signature section of the Form by pointing out that the Form requires a printed name on one line and then a "signature" on another line, and it does not require that both names be the same. However, the undisputed facts show no confusion on Mrs. Reno's part as to the signature requirements on the Form. The Renos intended to reject UM coverage, Mrs. Reno had Mr. Reno's authority to sign his name, she printed by hand his name as well as his initials in the appropriate locations on the Form, and she printed by hand her own name on the appropriate signature line on the Form.