938 So.2d 774 (2006)
Neil SHIREY, Individually and on Behalf of his Minor Children, Bridgette Shirey, Christopher Shirey, Kristen Shirey, and Tracie Shirey
v.
Travis D. BARTON, Amaree H. Barton, and USAA Casualty Insurance Company.
No. 2005-CA-1192.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*775 William H. "Wick" Cooper, III, Attorney at Law, Baton Rouge, Counsel for Plaintiff/Appellee.
Jeff W. Watson, Attorney at Law, Baton Rouge, Counsel for Defendant/Appellant.
Panel composed of Ad Hoc Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge Ad Hoc.
Defendant Progressive Security Insurance Company ("Progressive") appeals the summary judgment granted in favor of plaintiffs, Neil and Tracie Shirey.
On September 24, 2003, Neil Shirey was involved in a motorcycle accident, from which he suffered bodily injuries. Thereafter, Neil Shirey and his wife Tracie Shirey, individually and on behalf of their minor children ("Plaintiffs"), filed suit against the other driver and his liability insurer. Subsequently, Plaintiffs amended their petition and named Progressive as Neil Shirey's alleged UM carrier. In its answer Progressive concedes that it issued a liability insurance policy on Neil Shirey's 1997 Yamaha VMAX motorcycle. However, Progressive asserts that Plaintiffs validly rejected UM coverage on the policy. On October 28, 2004, Plaintiffs filed a Motion for Summary Judgment on the validity of the UM rejection form. Progressive filed an opposition asserting again that Plaintiffs rejected UM coverage. After a hearing on the motion, the trial court granted summary judgment in favor of Plaintiffs, finding that the UM rejection form was invalid; the trial court designated the judgment as a final judgment.
The record reflects that Neil and Tracie Shirey went to Tharpe Insurance Agency to obtain liability insurance on three separate vehicles, a 1991 Mazda MPV, a 1999 Dodge Intrepid, and a 1997 Yamaha VMAX motorcycle. The agency issued two separate policies, one covering the two automobiles and the other covering the motorcycle. Neil Shirey is the named insured on the automobile policy and Tracie Shirey is listed as an insured driver. Tracie Shirey validly rejected UM coverage on the policy covering the two automobiles; this fact is not in dispute. On the motorcycle policy, Neil Shirey is the named insured and there are no additional insured drivers. Neil Shirey completed and signed the policy application form covering the motorcycle. However, Plaintiffs assert *776 that the UM rejection form on the motorcycle policy is invalid because Neil Shirey, the named insured, did not select rejection of UM coverage.
Tharpe Insurance Agency provided the UM rejection form in dispute.[1] The form listed 5 options: (1) UM coverage with the full policy limits, (2) UM coverage with certain limits lower than policy limits, (3) Economic-Only UM coverage with the full policy limits, (4) Economic-Only UM coverage with certain limits lower than policy limits, or (5) rejection of UM coverage.
In the form at issue, Neil Shirey printed his name and provided his signature at the bottom of the form. However, the initials "TS" are placed next to option number 5, rejecting UM coverage. In their depositions, Tracie Shirey denied placing the initials on the form and Neil Shirey stated the initials were not present at the time he signed the form. Neil Shirey stated he thought he was accepting UM coverage simply by signing the form. It is not alleged that Neil Shirey placed the initials "TS" in the blank rejecting UM coverage.
In her deposition Sadie Tharpe, the insurance agent, stated that the initials selecting the rejection of UM coverage belonged to Tracie Shirey. She stated that Tracie and Neil Shirey came in to her office to complete some paperwork for the automobile and motorcycle policies. She further stated that Tracie Shirey began initialing all of the paperwork and thereafter Sadie Tharpe took the policy application and the UM rejection form for the motorcycle policy and gave it to Neil Shirey, the only insured, to complete.
The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Appellate review of a summary judgment is on a de novo basis. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Richardson v. Lott, 03-0189 (La.App. 1 Cir. 11/7/03), 868 So.2d 64, 69. The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be properly resolved within the framework of a motion for summary judgment. Id.
The validity of a form rejecting UM coverage is determined by the law in effect at the time the form was executed. Dyess v. American National Property and Casualty Company, 04-1971 (La.App. 1 Cir. 6/25/04), 886 So.2d 448, 451; Reno v. Travelers Home and Marine Ins. Co., 02-1714 (La.App. 1 Cir. 11/7/2003), 867 So.2d 751. The form in dispute was executed on August 1, 2003. At that time, Louisiana Revised Statutes 22:1406(D) provided in pertinent part:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons *777 insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Subsection is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item D(1)(a)(ii) of this Subsection . . . 
(ii) . . . such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative . . . A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage . . .
(emphasis added)[2]
The mandatory UM coverage provisions of La. R.S. 22:1406(D) embody strong public policy. Dyess, 886 So.2d at 453. The purpose of UM coverage is to provide full recovery for victims of an automobile accident who suffer damages caused by a tortfeasor who is not adequately covered by liability insurance. Id. However, pursuant to statutory guidelines, such coverage may be specifically rejected. Id. The provisions of La. R.S. 22:1406(D) are to be liberally construed in favor of coverage. Id.
Therefore, insurers in Louisiana are required to include UM coverage unless it is specifically rejected by the insured. It is the rejection of the UM coverage, not the acceptance, that must be an affirmative act of the insured or his legal representative. If the rejection of UM coverage is ambiguous, it is ineffective, regardless of the parties intent. Richardson, 868 So.2d at 71. If the rejection is unambiguous, but not in proper form, it is also ineffective. Therefore, the rejection of UM coverage must be clear and meet the formal requirements of law to be valid. Id; Dardar v. Prudential Prop. & Cas. Ins. Co., 98-1363 (La.App. 1 Cir. 6/25/99), 739 So.2d 330, 333, writ denied, 99-2196 (La.11/12/99), 750 So.2d 195.
When interpreting an insurance contract, the court must attempt to discern the common intent of the insured and insurer. Analysis should begin with a review of the words in the contract and the contract must be enforced as written when the words are clear and explicit and lead to no absurd consequences. La. C.C. art. 2046; Travelers Home and Marine Ins. Co., 867 So.2d at 753; Dyess, 886 So.2d at 451.
*778 
The form at issue directs the insured or his legal representative to make a selection regarding UM coverage by "initia[ing] only one option." Immediately above the signature line there is language that reads, "The choice I made by my initials on this form will apply to all persons under this policy . . ." Therefore, based on the clear and explicit language of the contract, we find that proper execution of the UM rejection form in accordance with La. R.S. 22:1406(D) requires that the signatory must also make the selection rejecting UM coverage by marking his initials next to the appropriate option. Applying the legal principles set forth above, we find the intent of the contract is that the same person who signs the contract must initial the option regarding UM coverage because the signature binds the signatory to the terms of the contract, in *779 this case, the rejection of UM coverage. Because we reach this conclusion, whether Tracie Shirey or someone else placed the initials "TS" in the blank rejecting UM coverage is immaterial.
Accordingly, we find the UM rejection form in this case invalid; the trial court did not err in granting Plaintiffs' motion for summary judgment. All costs of this appeal are assessed to Progressive.
AFFIRMED.
NOTES
[1] The form is the prescribed form provided by the Commissioner of insurance, pursuant to La. R.S.22:1406(D). The Commissioner promulgated the UM rejection form on April 28, 1998, in La. Bulletin LIRC 98-01.
[2] Pursuant to Acts 2003, No. 456, § 3, Louisiana Revised Statute 22:1406(D) was amended and redesignated as La. R.S. 22:680. The amendments do not pertain to this appeal.