# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1112

**STEPHANIE LEBLANC, ET UX.**

**VERSUS**

**SAMANTHA LAVERGNE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20081985
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Kaliste J. Saloom III**
**Saloom & Saloom**
**Post Office Drawer 2999**
**Lafayette, LA 70502-2999**
**(337) 234-0111**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Stephanie LeBlanc**
    **Randy LeBlanc**

**Randall Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Stephanie LeBlanc**
    **Randy LeBlanc**

**John William Penny, Jr.**
**Penny & Hardy**
**P. O. Box 2187**
**Lafayette, LA 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Allstate Ins. Co.**

**GREMILLION, Judge.**

Stephanie and Randy LeBlanc, the plaintiffs-appellants, appeal the trial court's grant of partial summary judgment in favor of the defendant-appellee, Allstate Insurance Company. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Stephanie was involved in a motor vehicle accident in April 2007 while driving Randy's (her husband) Chevrolet Tahoe, insured by a policy issued by Allstate. The policy lists Randy P. LeBlanc as the named insured under the policy. The uninsured/underinsured motorist bodily injury coverage form (UM form) provides five separate blanks to be executed by the named insured. Randy LeBlanc's name was typed at the bottom of the form by an Allstate agent. The third paragraph of the form is initialed "SL" indicating "I select economic–only UMBI coverage." Stephanie signed the UM form.

In November 2010, the LeBlancs filed a motion for partial summary judgment, claiming that there was no genuine issue that Allstate provided UM coverage up to the policy limits of $50,000. Likewise, Allstate filed a motion for partial summary judgment urging that there was no genuine issue that the policy provided economic-only UM coverage and that standard UM coverage had been rejected. Following a hearing on the motions, the trial court granted Allstate's partial motion for summary judgment and denied the LeBlanc's motion for partial summary judgment.[1] The LeBlancs now appeal.

### ISSUE

The LeBlancs assigns as error:

> Under circumstances where a person other than the only named
> insured executed an uninsured motorist selection of economic only
> coverage, the trial court erred in granting Allstate Insurance

---

[1] We note that the LeBlancs erroneously filed a supervisory writ with this court, which was denied as an adequate remedy existed via appeal.

Company's cross motion for summary judgment on the issue of limited economic only uninsured motorist coverage and denying the plaintiffs' motion for summary judgment on full uninsured motorist benefits.

## SUMMARY JUDGMENT

We review the record de novo to determine if summary judgment was properly granted and the mover is entitled to judgment in its favor. *McClane S., Inc., v. Bridges, Sec., Dep't of Rev. of State of La.*, 11-1141 (La. 1/24/12), __ So.3d __. There are no facts in dispute in this case. The issue of law before us is whether the spouse of the named insured of an insurance policy can reject full UM coverage. There are no claims that the UM form is otherwise invalid in form or lacking any essential elements.

Louisiana Revised Statute 22:1295 governs uninsured motorist coverage. Louisiana Revised Statute 22:1295(1)(a)(i) states in part (emphasis added): "[T]he coverage required under this Section is not applicable when *any insured named in the policy* either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(II) of this Section." Louisiana Revised Statute 22:1295(1)(a)(ii) provides in part that a UM rejection form "shall be provided by the insurer and signed by the named insured or his legal representative." The LeBlancs argue that the only person who could validly decline UM coverage was Randy as he "was the only person that was in contract with Allstate Insurance Company."

The Auto Policy Declarations page names Randy P. LeBlanc as the "Named Insured." Stephanie's name appears under the "Driver(s) Listed" section that is below the "Named Insured" section. The UM form provides (emphasis added), "*You* may select one of the following UMBI Coverage options (initial only one option)." The policy defines "You or Your" as follows: "the policyholder named

2

on the Policy Declarations and that policyholder's **resident** spouse." Thus, both Stephanie and Randy are insured under the policy  According to the plain terms of the agreement, Stephanie, as Randy's wife, could properly initial the UM form. *See* La.Civ.Code art. 2046. This finding is congruent with the legislative intent expressed in La.R.S. 22:1295.

Moreover, courts across the state have held that a spouse can validly reject UM coverage. Under identical facts, the same result was reached in *Tucker v. Valentin*, 01-755 (La.App. 5 Cir. 12/26/01), 807 So.2d 292. The same result was reached in *Bel v. State Farm Mutual Automobile Ins. Co.,* 02-0360 (La.App. 1 Cir. 2/14/03), 845 So.2d 459, *writ denied*, 03-0734 (La. 5/30/03), 845 So.2d 1058. In *Bel*, the plaintiffs argued that each insured named in the policy must sign a UM rejection in order for the rejection to be valid. The appellate court found "the wording of the statute clearly allows *any insured named in the policy to reject UM coverage.*" *Id.* at 462 (emphasis added). The LeBlanc's reliance on *Duncan v. U.S.A.A. Insurance Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, is misplaced. *Duncan* involved a defective form in which the policy number was not noted. The LeBlancs also cites *Shirey v. Barton*, 05-1192 (La.App. 1 Cir. 6/9/06), 938 So.2d 774. In *Shirey*, the appellate court rejected a UM form that was initialed by the wife, but signed by the husband. The court found that (emphasis added):

> [B]ased on the clear and explicit language of the contract, we find that proper execution of the UM rejection form in accordance with La.R.S. 22:1406(D) requires that the signatory must also make the selection rejecting UM coverage by marking his initials next to the appropriate option. Applying the legal principles set forth above, we find the intent of the contract is that *the same person who signs the contract must initial the option regarding UM coverage* because the signature binds the signatory to the terms of the contract, in this case, the rejection of UM coverage.

*Id.* at 778-79.

3

The facts of *Shirey* are distinguishable from those before us.  Stephanie both initialed and signed the contract.  We recognize the fact that Randy's name was typed on the first line under which was printed "Named Insured or Legal Representative (Please Print)."  Nevertheless, Stephanie provided her initials to the selection of "economic-only UMBI coverage" and signed her name above the line below which is printed "Signature of a Named Insured or Legal Representative."  Stephanie, as the resident spouse of Randy, is a named insured and her initials and signature on the UM form serve as a valid waiver of full UM coverage.  Accordingly, partial summary judgment was properly granted in Allstate's favor.

## CONCLUSION

The judgment of the trial court dismissing plaintiffs-appellants, Stephanie and Randy LeBlanc's partial motion for summary judgment and granting defendant-appellee, Allstate's partial motion for partial summary judgment is affirmed.  All costs of this appeal are assessed against Stephanie and Randy LeBlanc.

**AFFIRMED**.