740 So.2d 261 (1999)
Charleen BONNETTE, Plaintiff-Appellant,
v.
Barbara L. ROBLES, TIG Countrywide Insurance Co.; United Agents Insurance Company of Louisiana; And Troy F. Bonnette, Defendants-Appellees.
No. 32,191-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
*262 Nelson W. Cameron, Shreveport, Counsel for Appellant.
Pettiette, Armand, Dunkelman, Woodley & Byrd, Shreveport, Counsel for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.
DREW, J.
In this underinsured motorist coverage case, the trial court granted summary judgment in favor of defendant, United Agents Insurance Company of Louisiana, after finding that plaintiff, Charleen Bonnette, selected 10/20 limits for UM coverage. On appeal, Mrs. Bonnette alleges that her signature on the UM selection form was ineffective because she was neither a "named insured" under the policy, nor a "legal representative" of her husband who was a named insured. She also argues that the UM selection form was invalid because it did not make reference to the policy to which the form applied. For the reasons set forth below, we affirm the trial court's judgment.

FACTS
The copies of the insurance application form, UM selection form, and insurance policy in this case reveal that on April 25, 1997, Charleen Bonnette signed a personal auto insurance application form seeking coverage from United Agents. The application describes two automobiles; it also lists two drivers, Troy F. Bonnette and Charleen Bonnette. The occupational information supplied for these two drivers indicates Mr. Bonnette's job as a truck driver, while reflecting Mrs. Bonnette works in real estate. Similarly, the employment information section of the application indicates that the "Applicant's Employer" was ERA Real Estate, while the "Co-applicant's Employer" is shown as General Electric Transportation. Mrs. Bonnette signed at the end of the application form next to the printed words "Applicant's Signature."
On the other hand, at the beginning of the application is a block labeled "Applicant's Name and Mailing Address," in which only Mr. Bonnette's name and address appears.
Also on April 25, 1997, Mrs. Bonnette signed a UM selection form indicating that she selected UM coverage in the lower limits of $10,000/$20,000, rather than the higher amount of bodily injury liability coverage provided in the policy. Just above the signature line on the UM selection form is a line under which the words "Named Insured" appears. Mrs. Bonnette's name is printed on this line. Underneath the signature line are the words "Signature of Named Insured," and Mrs. Bonnette signed her name upon that line. Below her signature, is a description by year, make, model and vehicle identification number of the two vehicles covered by the policy. This information matches exactly the vehicle description information in the insurance application form.
Although the copy of the insurance policy, when issued, mirrored exactly the information supplied in this application, it only provided Mr. Bonnette's name and address next to the words "Named Insured and Address."

DISCUSSION
Because only Mr. Bonnette's name appears as a named insured on the policy itself, Mrs. Bonnette argues that she is not a named insured who could effectively select lower UM limits. We disagree. A fair and rational reading of the application form and UM selection form together shows that Mrs. Bonnette was applying for insurance, including the lower limits of *263 UM coverage, for both herself and her husband. This fact is plainly shown not only by her signature on the application next to the words "Applicant's Signature," but also by her signature on the UM selection form just above the words "Signature of Named Insured." This fact also is bolstered by the employment information on the application form signifying "Applicant's Employer" as ERA Real Estate, and "Co-applicant's Employer" as General Electric Transportation.
Under the provisions of La. R.S. 22:1406, the UM coverage otherwise required by law is not applicable where "any insured named in the policy" rejects the coverage in writing or selects lower limits. Moreover, the form signed by the "named insured or his legal representative" which initially rejects such coverage or selects lower limits "shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto." Under these statutory provisions, we conclude that Mrs. Bonnette was an insured named in the policy (named insured) for purposes of signing the UM selection form. The form, pursuant to law, was a part of the policy, regardless of whether physically attached when the policy was issued and delivered, and Mrs. Bonnette signed the form on a signature line over the words "Signature of Named Insured," Furthermore, her intent in signing both the application form and the UM selection form is quite apparent, under any reading of those forms with a modicum of fairness.
Moreover, we observe that even if Mrs. Bonnette had signed the form only on her husband's behalf, she would be "his legal representative" under the provisions of La. R.S. 22:1406. In addition, she would be estopped to deny the validity of her legal representative capacity for purposes of increasing her own UM benefits limits when she plainly would have represented to the insurer, by signing the documents, that she had the legal authority to sign as his representative. Compare Foret v. Terrebonne Towing Co., Inc., 632 So.2d 344 (La.App. 1st Cir.1993), writ denied, 94-C-0734 (La.5/13/94), 637 So.2d 1067.
Finally, we reject the argument that a UM selection form must make reference to the policy to which the form applies. There simply exists no requirement in the law to this effect, and as previously noted, the form becomes part of the policy by operation of law. Furthermore, there is no question in this case that the form signed by Mrs. Bonnette goes with the policy at issue. The very exact and precise descriptions of the two insured vehicles on the UM selection form match exactly with the vehicle descriptions in both the policy and the application form, and the date Mrs. Bonnette signed the UM selection form is the exact same date on which she signed the application form.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.