MAX N. TOBIAS, JR., Judge.
 

 | ¡The plaintiffs, Herwin Rizzo,
 
 [1]
 
 Reynaldo Benavides, Francisco Gomez, Gerardo Valle, Geovani Aguilera, Gregorio Aguil-era, and Oscar Castillo, appeal the trial court judgment granting a motion for summary judgment in favor of the defendant, Progressive Security Insurance Co. (“Progressive”), based upon the finding that Mr. Rizzo executed a valid waiver of uninsured motorist (UM) coverage. For the reasons set forth below, we affirm.
 

 In connection with an automobile accident, the plaintiffs, Mr. Rizzo and the passengers of his vehicle, filed suit against numerous defendants, including the uninsured driver of the other vehicle and Progressive, the insurer of Mr. Rizzo’s vehicle. Progressive filed a motion for summary judgment asserting that Mr. Rizzo signed a valid waiver of UM coverage.
 

 In support of its motion for summary judgment, Progressive produced a UM waiver form signed by Mr. Rizzo. In opposition, the plaintiffs presented the affidavit of Mr. Rizzo, stating that because he does not speak, read, or write English fluently, he did not fully understand the insurance documents that were presented to him to sign.
 

 LA Stipulation of Facts, signed by the attorneys for both parties, was submitted in connection with the motion for summary judgment, stipulating as follows: (1) Mr. Rizzo signed the UM waiver in the presence of his insurance agent; (2) the insurance agent spoke Spanish as his primary language and spoke with Mr. Rizzo in Spanish at all times during their meeting; and (3) Mr. Rizzo was not under any fraud, duress, or undue influence when he signed the UM waiver.
 

 
 *988
 
 Progressive’s motion for summary judgment was granted on 18 June 2009. The plaintiffs’ timely appealed.
 

 A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966B. When the movant will not bear the burden of proof at trial, his burden on motion for summary judgment is merely to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim; he is not required to negate all essential elements of the adverse party’s claim, action, or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966C(2). If he fails to do so, no genuine issue of material fact exists and summary judgment is appropriate.
 
 Id.
 

 A summary judgment is reviewed on appeal
 
 de novo,
 
 with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.
 
 Samaha v. Ran,
 
 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83.
 

 |sIn this appeal, the plaintiffs do not assert that the UM selection form itself was defective. Rather, it is argued that the waiver was invalid because Mr. Rizzo was unable to understand the form, which was printed in English. The plaintiffs admit that the insurance agent spoke with Mr. Rizzo in Spanish at all relevant times; such does not overcome the fact that Mr. Rizzo was unable to read the documents. The plaintiffs rely on
 
 Duong v. Salas,
 
 38,-613 (La.App. 2 Cir. 6/23/04), 877 So.2d 269, wherein a UM waiver was found to be invalid because the insured did not fully understand English.
 

 Progressive counters that the
 
 Duong
 
 case is not applicable because in
 
 Duong,
 
 the Vietnamese insured, who spoke no English, assisted by his sponsor, who spoke limited English, was spoken to only in English by an insurance agent when he signed the UM waiver. We agree that
 
 Duong
 
 is distinguishable and thus inapplicable to this case, as Mr. Rizzo was spoken to in his native language by the insurance agent.
 

 La. R.S. 22:1295(l)(a)(ii)
 
 [2]
 
 provides, in part, that “[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.” Because the UM coverage statute is to be liberally construed, the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits.
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363, p. 4-5 (La.11/29/06), 950 So.2d 544, 547. Thus, a determination of whether Progressive was entitled to summary judgment depends on whether it carried its burden of producing factual support sufficient to establish that it would |4be able to satisfy its evidentiary burden of proof at trial, i.e., by producing a valid UM waiver executed by Mr. Rizzo.
 

 Mr. Rizzo admits that he signed the UM waiver, and no allegations are presented that the form used by Progressive failed to meet the formal requirements of law. Moreover, no allegations
 
 *989
 
 exist of duress or misconduct on the part of the insurance agent. In the absence of allegations of fraud, duress, or misconduct of the insurance agent, a person who signs a written document is presumed to know and understand what he is signing.
 
 Harris v. Safeway Ins. Co.,
 
 81,050, p. 7 (La. App. 2 Cir. 9/23/98), 718 So.2d 619, 623. Because Mr. Rizzo communicated with the insurance agent in Spanish, nothing prevented him from asking questions if he felt he did not understand what he was signing.
 

 Following our
 
 de novo
 
 review of the record, we find that Progressive produced factual support sufficient to establish that it would be able to satisfy its evidentiary-burden of proof at trial. Furthermore, the plaintiffs presented no evidence to support the argument that Mr. Rizzo was unable to understand what he signed. Therefore, we conclude, as did the trial court, that no genuine issues of material fact are present, and that Progressive is entitled to judgment as a matter of law.
 

 On the record before us, we do not find that the trial court erred in granting summary judgment. Accordingly, the judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Herwin Rizzo also appears in this record as Herwin A.R. Sanchez.
 

 [2]
 

 . La. R.S. 22:1295(l)(a)(ii) was formerly La. R.S. 22:680(l)(a)(ii).