JUDE G. GRAVOIS Judge.
LThe plaintiff, Rosa Peña, appeals the trial court’s grant of summary judgment in favor of the defendant insurer, USAgen-cies Casualty Insurance Company, Inc., finding that the uninsured/underinsured bodily injury motorist coverage on the auto policy issued by the defendant insurer was validly waived. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff was involved in an automobile accident on Huey P. Long Avenue in Gret-na, Louisiana, on August 21, 2008. On January 6, 2009, plaintiff filed suit against her insurer, USAgencies Casualty Insurance Company, Inc. (“USAgencies”), seeking uninsured/underinsured bodily injury motorist coverage (“UMBI”) for personal injuries she allegedly sustained in this accident.[1] USAgencies answered plaintiffs petition claiming that there was no UMBI |Hcoverage under the policy in question because UMBI coverage had been validly rejected when the policy was purchased on May 3, 2008.
On May 12, 2009, USAgencies moved for summary judgment, claiming that there was a valid rejection of UMBI coverage on the policy. In support of its position, US-Agencies submitted the policy application, the declarations page of the policy, the UMBI Coverage Form for the policy, and the financing agreement for the policy premiums. These documents reflect the following:
• Plaintiff signed both pages of the policy application.
• Fausto Justo and plaintiff are both named as “Covered Persons” on policy application.
• The declarations page of the policy lists Mr. Justo’s name next to “Insured’s Name and Address”.
• Mr. Justo and plaintiff are listed as the “Operators” on the declarations page.
• Plaintiff initialed the UMBI Coverage Form next to UMBI Coverage option number 5, which states: “I do not want UMBI coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist.” (Emphasis in original.)
• “Fausto Justo” is typed on the line entitled “Named Insured or Legal Representative” on the UMBI Coverage Form.
• Plaintiff signed the UMBI Coverage Form on the line entitled “Signature of a Named Insured or Legal Representative”.
• The only form that Mr. Justo signed is the financing application for the policy premiums.
In its motion for summary judgment, US-Agencies argued simply that if plaintiff did not have authority to sign the UMBI Coverage Form, then she had no authority to sign the application, and therefore, the policy is void.
Plaintiff responded that the UMBI Coverage Form is invalid because it was not signed by the “named insured” (Mr. Jus- *549 to), or his “legal representative.” Alternatively, plaintiff argued that there was a material issue of fact as to whether |4plaintiff was Mr. Justo’s legal or authorized representative. At the conclusion of the hearing on the motion for summary judgment, the trial court denied the motion without reasons.
USAgencies then deposed plaintiff. In her deposition, plaintiff testified that she lives with Mr. Justo, who is the father of her two children. She explained that she and Mr. Justo went to the agency together to obtain insurance. She stated that Mr. Justo was going to be “the one on the policy, but he was giving me authority to drive the vehicles.” She denied that Mr. Justo gave her authority to sign the forms. Rather, the “lady” at the agency “told us that we both had to sign the forms in order to drive the vehicles.” She acknowledged that Mr. Justo only signed the financing agreement for the policy premiums and did not sign the policy application. She stated that she read the documents she signed, but could not understand them because they were in English and she does not read English or “know what it says.” Plaintiffs native language evidently is Spanish. She testified that the agent did not speak to her in Spanish.
On August 27, 2010, USAgencies filed a second motion for summary judgment. In this motion, USAgencies argued that on the date the policy was issued, plaintiff was an “additional insured” under the policy. It noted that plaintiff testified in her deposition that it was her intention to obtain automobile insurance for Mr. Justo and herself so that she could operate Mr. Justo’s vehicles. It argued that “any insured named in the policy” is authorized to sign the UMBI Coverage Form, and concluded that because plaintiff had authority to sign the form, UMBI coverage was validly rejected.
In defense of this second motion for summary judgment, plaintiff repeated her prior argument that there was no valid waiver of UMBI coverage because the UMBI Coverage Form states that Mr. Justo is the “named insured” on the policy, Ubut the policy is signed only by plaintiff. Plaintiff contends that in order for the UMBI Coverage Form to be valid, it had to be signed by the named insured. Plaintiff argued that the only new evidence presented by USAgencies in its second motion for summary judgment is plaintiffs deposition which actually corroborates her arguments that the waiver contained in the UMBI Coverage Form is invalid. Plaintiff points out that in her deposition, she testified that she and Mr. Justo had never been married, and that she did not have authority to sign any documents on his behalf. Plaintiff further argued that she did not understand what she was signing because she could not understand or read English.
At the conclusion of the hearing on US-Agencies’ second motion for summary judgment, the trial judge granted the motion, finding that plaintiff was an insured under the policy, and as an insured under the policy, had authority to reject UMBI coverage. This timely appeal followed.

LAW AND DISCUSSION

Appellate courts review motions for summary judgments de novo to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The mover bears the initial burden of showing that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2).
*550 Louisiana Revised Statutes 22:1295(l)(a)(i) provides, in pertinent part, that no policy of automobile liability insurance “shall be delivered or issued for ^delivery in this state” without uninsured motorist coverage; however, UMBI coverage “is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item(l)(a)(ii) of this Section.” (Emphasis added.) Subsection (l)(a)(ii) of La. R.S. 22:1295 provides, in pertinent part, that the “rejection, selection of lower limits, or selection of economic-only [UMBI] coverage shall be made only on a form prescribed by the commissioner of insurance,” that “[t]he prescribed from shall be provided by the insurer and signed by the named insured or his legal representative,” and that “[a] properly completed and signed form creates a re-buttable presumption that the insured knowingly rejected [UMBI] coverage.” (Emphasis added.)
The UMBI coverage statute is to be liberally construed. Duncan v. U.S.A.A. Insurance Co., 06-363 (La.11/29/06), 950 So.2d 544, 547. Accordingly, the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. Id. Whether the insurer is entitled to summary judgment depends on whether the insurer carried its burden of producing factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, ie., by producing a valid UMBI Coverage Form by which any insured under the policy rejected such coverage. Accordingly, the only issue to be decided in this appeal is whether the UMBI Coverage Form signed by plaintiff validly rejected UMBI coverage.
Plaintiff argues that she is not Mr. Jus-to’s spouse, nor his legal representative, and accordingly, had no authority to sign the UMBI Coverage Form. While we acknowledge that plaintiff testified that she and Mr. Justo have never been married, we find the cases that have held that a spouse can validly reject UMBI coverage to be instructive.
|7In Bonnette v. Robles, 32,191 (La.App. 2 Cir. 8/18/99), 740 So.2d 261, the court held that the named insured’s spouse was an “insured named in the policy” entitled to select lower limits of UMBI benefits, in spite of the fact that the policy did not designate her as a named insured. Also, in Tucker v. Valentin, 01-755 (La.App. 5 Cir. 12/26/01), 807 So.2d 292, 294-95, this Court upheld the validity of a UMBI rejection form where the spouse placed her husband’s initials next to the option to reject UMBI coverage and signed her husband’s name on the rejection form. This Court reasoned that the spouse was a named insured under the policy and had expressed an intent not to receive UMBI coverage in the policy under which she was an insured. Further, in Bel v. State Farm Mutual Automobile Ins. Co., 02-0360 (La.App. 1 Cir. 2/14/03), 845 So.2d 459, writ denied, 03-0734 (La.5/30/03), 845 So.2d 1058, the plaintiffs argued that each insured named in the policy must sign a UMBI rejection in order for the rejection to be valid. The appellate court found “the wording of the statute clearly allows any insured named in the policy to reject UMBI coverage.” Id. at 462.
The relevant statute, La. R.S. 22:1295(l)(a)(i), clearly states that “any insured named in the policy” can reject coverage. There is no dispute that plaintiff is listed as a covered person under this policy, and thus is “any insured named in the policy.” When a law is clear and unambiguous and its application does not lead to *551 absurd consequences, the law shall be applied as written. Barrilleaux v. NPC, Inc., 98-0728 (La.App. 1st Cir.4/1/99), 730 So.2d 1062, 1064, writ denied, 99-1002 (La.5/28/99), 748 So.2d 672. Accordingly, since plaintiff was listed as an insured under this policy, she had the authority to reject UMBI coverage and sign the UMBI waiver of Coverage Form.
We find that plaintiffs reliance on Duncan v. U.S.A.A. Insurance Co., 06-363 (La.11/29/06), 950 So.2d 544, in this case is misplaced. In Duncan, supra, [sthe Supreme Court listed the following six tasks which are required in order to complete the UMBI Coverage Form prescribed by the Commissioner of Insurance, to-wit: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date. As opposed to the facts in the case before us, Duncan involved a defective form in which the policy number was not noted. Further, in Harper v. Direct General Ins. Co., 08-2874 (La.2/13/09), 2 So.3d 418, the Court explained that “as long as the name of the named insured is printed and the legal representative signs the form,” tasks three and four are satisfied.
The purpose of requiring the UMBI Coverage Form to be clear and unmistakable is to establish that the insured knowingly waived coverage under a particular policy. Dixon v. Direct Gen. Ins. Co. of Louisiana, 08-0907 (La.App. 1 Cir. 3/27/09), 12 So.3d 357, 362. In this case, we find that the form executed by plaintiff complies with the formal requirements of law in that there is a clear rejection of UMBI coverage, the form is signed and dated, and it contains the policy number and the name of the insured. Accordingly, by submitting the UMBI Coverage Form signed by plaintiff in support of its motion for summary judgment, USAgen-cies has produced factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, i.e., that plaintiff validly rejected UMBI coverage by initialing and signing the UMBI Coverage Form, indicating that she did not want UMBI coverage. At that point, the burden shifted to plaintiff to rebut the presumption that plaintiff knowingly rejected UMBI coverage.
|nIn an attempt to rebut this presumption, plaintiff argued that Spanish is her native language and she did not understand the form that she signed which was written in English. Plaintiff argues that in Duong v. Salas, 38,613 (La.App. 2 Cir. 6/23/04), 877 So.2d 269, writ denied, 04-1840 (La.10/29/04), 885 So.2d 590, the waiver of UMBI coverage was held to be invalid where there was evidence that the insured could not adequately and fully read and understand English. USAgencies counters that Duong is distinguishable from this case in that the insured in Duong spoke no English at all, whereas in this case, plaintiff testified that she does not read or speak English well, and that in her deposition, she was shown the policy in question and was able to read it well enough to recognize it as the policy. USA-gencies also asserts that the facts of this ease is more akin to the facts in Rizzo v. Ward, 09-1325 (La.App. 4 Cir. 2/24/10), 32 So.3d 986, where the court found a valid rejection of UMBI coverage though the insured claimed that he could not speak, read or write English fluently. We agree with USAgencies’ argument that the facts in this case are more in line with the facts in Rizzo, rather than the facts in Duong.
Further, we note that the section of the policy application entitled “Applicant’s *552 Statement,” which plaintiff signed, states that “I declare that I have read the application and provided the information requested by the insurance company.” The USAgencies representative signed the policy application under the section that states “I also certify that all questions on the application have been answered by the applicant,” and “that the responses provided are those of the applicant who has signed this application in my presence.” Plaintiffs deposition makes it clear that she accompanied Mr. Justo to the insurance agent’s office for the purpose of buying insurance so that she could drive his vehicles. She makes no claim of fraud, duress, or misconduct on the part of the insurance agent. Plaintiff lindid not testify that she told the agent she did not understand any of the documents or that she needed any of the forms to be explained to her in Spanish before she would sign them. It is well settled that a party who signs a written instrument is presumed to know its contents. Coleman v. Jim Walter Homes, Inc., 08-1221, p. 7 (La.3/17/09), 6 So.Bd 179,188; Aguillard v. Auction Management Corp., 04-2804 (La.6/29/05), 908 So.2d 1, 23, citing Tweedel v. Brasseaux, 433 So.2d 133, 137 (La.1983). Thus, we find that plaintiffs assertion that she did not understand the UMBI Coverage Form is not sufficient under the particular facts of this case to rebut the presumption that plaintiff knowingly rejected UMBI coverage.

CONCLUSION

For the foregoing reasons, the judgment of the trial court under review is hereby affirmed.

AFFIRMED

. The other driver, Adrianna Simeon, who was also made a defendant in plaintiffs suit, is not involved in this appeal.