MAX N. TOBIAS, JR., Judge.
hThe plaintiffs/appellants, Raysel Villa-lobos, Reyna Villalobos, Carlos Calero, and Lorna Abdlaha (collectively, “plaintiffs”), appeal the summary judgment granted by the trial court that dismissed their lawsuit against USAgencies Casualty Insurance Company (“USAgencies”), finding that no uninsured motorist coverage existed to cover their injuries. After reviewing the record and applicable law, we affirm the summary judgment.
On 5 March 2007, husband and wife, Raysel Villalobos (“Raysel”) and Reyna Villalobos (“Reyna”), applied for an automobile liability insurance policy at a USA-gencies agent’s office. Mr. and Mrs. Villa-lobos were aided in their application by a Spanish-speaking agent representative. In the application process, Raysel signed an application for insurance and Reyna signed an identical endorsed application for insurance. Both applications selected Reyna as the named insured under the policy. Each application referenced Ray-sel as an “operator.” Additionally, the driver and occupation of each was on the application form. Page 2 of both applications lists Reyna and Raysel as those covered under the policy.
12As required by law, an uninsured/un-derinsured bodily injury coverage form (“UMBI”) was executed during the application process. On the UMBI form, Ray-sel initialed item number 5, which states: “I do not want UMBI coverage.” The form is dated 5 March 2007 and contains the policy number. The name printed and/or typed on the form item for the “named insured or legal representative” was that of Reyna. However, the form was signed by her husband, Raysel.
Raysel and Reyna, along with plaintiffs, Carlos Calero and Lorna Abdlaha, were involved in an automobile accident on 21 June 2007. When the plaintiffs sought to recover UM benefits from USAgencies, the claim was denied based on the rejection of UMBI coverage by Raysel during the application process. Consequently, the plaintiffs filed suit against USAgencies.
USAgencies filed a motion for summary judgment asserting the policy issued to Raysel and Reyna had no UM coverage for the 21 June 2007 accident. The trial court *400 granted the motion for summary judgment on 20 June 2011. This timely appeal followed.
The plaintiffs set forth four assignments of error. First, they contend that the summary judgment was improper because the UMBI selection was not signed by a “named insured” or his/her representative. Second, they claim that Raysel was not a named insured under the policy and did not have authority from Reyna, the named insured to sign the UMBI selection form for her. Third, the plaintiffs assert that the UMBI form is ambiguous, improperly completed, and not clear, express, |sand unmistakable, as required by law, because Reyna’s name is typed under the signature line but was signed by Raysel. Finally, the plaintiffs argue that the UMBI form was not properly completed because the date is typed on the form, suggesting that the initialing and signing of the form occurred prior to the placement of the date and the printing of Reyna’s name on the form.
Appellate courts review motions for summary judgments de novo to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B. The mover bears the initial burden of showing that no genuine issue of material fact exists. La. C.C.P. art. 966 C(2).
Under the UM coverage statute, La. R.S. 22:680, “the requirement of UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected.” Duncan v. U.S.A.A. Ins. Co., 06-363, p. 4 (La.11/29/06), 950 So.2d 544, 547. The object of UM coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tort-feasor who is not covered by adequate liability insurance. Id. UM rejection “shall be made only on a form prescribed by the commissioner of insurance.” Id. at p. 6, 950 So.2d at 548.
|4La. R.S. 22:1295(l)(a)(ii) [renumbered from La. R.S. 22:680] provides in part:
Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.
La. R.S. 22:1295(l)(a)(ii).
Because the UM coverage statute is to be liberally construed, the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. Duncan, 06-363 at p. 4-5, 950 So.2d at 547. Thus, a determination of whether USAgencies was entitled to summary judgment depends on whether it carried its burden of producing *401 factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial.
In Pena v. Simeon, 11-1088 (La.App. 5 Cir. 5/22/12), 96 So.3d 547, another case that involved USAgencies, Ms. Pena was in an automobile accident and sued USA-gencies seeking UMBI coverage for injuries sustained in the accident. In her deposition, she testified that she lived with Mr. Justo, who was the father of her two children. She explained that she and Mr. Justo went to the agency together to |Bobtain insurance. She stated that Mr. Justo was going to be “the one on the policy, but he was giving me authority to drive the vehicles.” She denied that Mr. Justo gave her authority to sign the forms. Rather, the “lady” at the agency “told us that we both had to sign the forms in order to drive the vehicles.” She acknowledged that Mr. Justo only signed the financing agreement for the policy premiums and did not sign the policy application.
USAgencies filed a motion for summary judgment, arguing that on the date the policy was issued, she was an “additional insured” under the policy. It noted that she testified in her deposition that it was her intention to obtain automobile insurance for Mr. Justo and herself so that she could operate Mr. Justo’s vehicles. It argued that “any insured named in the policy” is authorized to sign the UMBI Coverage Form, and concluded that because plaintiff had authority to sign the form, UMBI coverage was validly rejected.
In defense of this motion for summary judgment, Ms. Pena argued that there was no valid waiver of UMBI coverage because the UMBI Coverage Form states that Mr. Justo is the “named insured” on the policy, but the policy was signed only by her. She contended that in order for the UMBI Coverage Form to be valid, it had to be signed by the named insured. She pointed out that, in her deposition, she testified that she and Mr. Justo had never been married, and that she did not have authority to sign any documents on his behalf. The court stated:
While we acknowledge that plaintiff testified that she and Mr. Justo have never been married, we find the | ijCases that have held that a spouse can validly reject UMBI coverage to be instructive.
In Bonnette v. Robles, 32,191 (La.App. 2 Cir. 8/18/99), 740 So.2d 261, the court held that the named insured’s spouse was an “insured named in the policy” entitled to select lower limits of UMBI benefits, in spite of the fact that the policy did not designate her as a named insured. Also, in Tucker v. Valentin, 01-755 (La.App. 5 Cir. 12/26/01), 807 So.2d 292, 294-95, this Court upheld the validity of a UMBI rejection form where the spouse placed her husband’s initials next to the option' to reject UMBI coverage and signed her husband’s name on the rejection form. This Court reasoned that the spouse was a named insured under the policy and had expressed an intent not to receive UMBI coverage in the policy under which she was an insured. Further, in Bel v. State Farm Mutual Automobile Ins. Co., 02-0360 (La.App. 1 Cir. 2/14/03), 845 So.2d 459, writ denied, 03-0734 (La.5/30/03), 845 So.2d 1058, the plaintiffs argued that each insured named in the policy must sign a UMBI rejection in order for the rejection to be valid. The appellate court found “the wording of the statute clearly allows any insured named in the policy to reject UMBI coverage.” Id. at 462.
Pena, 11-1083 at pp. 6-7, 96 So.3d at 550.
*402 In the case at bar, La. R.S. 22:1295(1)(a)(i), clearly states that “any insured named in the policy” can reject coverage. No dispute exists that Raysel is listed as a covered person under this policy, and thus is “any insured named in the policy.” When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. Barrileaux v. NPC, Inc., 98-0728, p. 4 (La.App. 1 Cir. 4/1/99), 730 So.2d 1062, 1064. Accordingly, since Raysel was listed as an insured under this policy, he had the authority to reject UMBI coverage and sign the UMBI waiver of Coverage Form.
The UMBI Coverage Form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen 17(available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date. Banquer v. Guidroz, 09-466, p. 2 (La.5/15/09), 8 So.3d 559, 560-61.
The fact that Reyna’s name was printed on the form although Raysel signed it does not invalidate the UMBI Coverage Form. In Banquet, the Court held that the coverage form is valid as long as the name of the named insured is printed and the legal representative signs the form. In addition, the fact that someone other than the signatory filled in the date on the form is of no moment. See Lynch v. Kennard, 09-282 (La.5/15/09), 12 So.3d 944.
The purpose of requiring the UMBI Coverage Form to be clear and unmistakable is to establish that the insured knowingly waived coverage under a particular policy. Dixon v. Direct Gen. Ins. Co. of Louisiana, 08-0907, p. 8 (La.App. 1 Cir. 3/27/09), 12 So.3d 357, 362. In this case, we find that the form executed by Raysel complies with the formal requirements of law in that there is a clear rejection of UMBI coverage, the form is signed and dated, and it contains the policy number and the name of the insured. Accordingly, by submitting the UMBI Coverage Form signed by Raysel in support of its motion for summary judgment, USA-gencies has produced factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, i.e., that UMBI coverage was validly rejected by initialing and signing the UMBI Coverage Form, indicating that Reyna did not want UMBI coverage. At that point, the burden shifted to the plaintiffs to rebut the presumption that the insured knowingly rejected UMBI coverage. The plaintiffs failed to do so in this case.
1 sBased on the foregoing, we affirm the judgment of the trial court.

AFFIRMED.